963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Edward SCHUHMANN, Defendant-Appellant.
 No. 90-50587.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 2, 1991.
Decided May 12, 1992.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and HOGAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Raymond Schuhmann appeals his conviction in the district court for possession of an unregistered firearm, an Uzi rifle with a ten-inch barrel, in violation of 26 U.S.C. § 5861(d). Schuhmann argues that 26 U.S.C. § 5845(c) (defining rifle) is void for vagueness as applied to him because the special nature of the Uzi is such that it does not clearly fall within the scope of the definition.
 
 
 4
 Schuhmann misreads the relevant law. Section 5845(c), in part, defines a rifle to be any device designed and intended "to be fired from the shoulder." It does not require that the device be designed to fire exclusively from the shoulder. The Uzi in question here, though it has a folding stock and a pistol-like grip, was clearly designed and intended to be fired from the shoulder. The fact that it may also be fired in other ways does not remove it from the reach of the statute. Finally, the jury in this case was instructed that the government had the burden of proving that Schuhmann "knew that he possessed a dangerous device of such a type as would alert one of the likelihood of regulation," an instruction that was not required in this case. See United States v. O'Mara, No. 90-50632 (9th Cir., May 8, 1992). The defendant was given a liberal opportunity to argue scienter to the jury.
 
 
 5
 Schuhmann also claims that pre-indictment delay mandates dismissal of his case. United States v. Sherlock, 865 F.2d 1069 (9th Cir.1989), articulated a two-prong analysis to determine whether pre-indictment delay amounts to a due process violation. First, the defendant must prove actual prejudice. Only then will the court inquire into the reasons for the delay and determine whether there is "government culpability." Id. at 1073-74. Schuhmann has not demonstrated the requisite prejudice. Since actual knowledge of the registration requirement is immaterial for the crime charged, the presence of Mr. Cunningham as a witness on Schuhmann's behalf would have added nothing to his case. The delay caused no prejudice.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3